IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kenneth Green, #161009, ) | |
| ) | C.A. No. 9:05-3216-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Rex Divine, SCDC Gen. Couns. Office, ) | |
| IGC Montouth, Sandra Bowie, Warden ) | |
| Taylor, Jon E. Ozmint, Gov. Stanford, & ) | |
| S.C. Admin. Law Court, each in their ) | |
| individual capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the court's sua sponte review of actions brought by Kenneth Green ("Green"). On February 4, 2005, this court enjoined Green from proceeding as a pro se plaintiff without the advance permission of this court ("February Order"). See Green v. Ozmint, C.A. No. 04-23189 (D.S.C. Feb. 4, 2005) (unpublished). Although Green appealed the February Order, the United States Court of Appeals dismissed his appeal for failure to prosecute on July 13, 2005.

Green initially filed the instant case in the Court of Common Pleas for Jasper County, South Carolina, and the Defendants removed the case to this court on November 17, 2005. Accordingly, Green has not yet sought permission to proceed as a pro se plaintiff in this court. For the court to evaluate whether it should permit Green to proceed with his action, the

1

February Order requires Green to do the following:

    1.    File a petition with the clerk of this court requesting leave to file a pro se action;

    2.    Include in the petition the following information: a list of all lawsuits currently pending or previously filed with this court, including the name and case number of each case and the current status or disposition of the appeal or original proceeding;

    3.    File with the clerk of this court a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short description of the legal basis asserted, and describing with particularity the order or ruling being challenged. In the affidavit, Green must certify to the best of his knowledge that the legal arguments being raised are not frivolous or in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that he will comply with the local rules of this court.

(February Order 6.) Only upon completion of these requirements and a grant of permission by the court may Green proceed as a pro se plaintiff in the instant action. Because the Defendants in the instant case removed the case and Green did not file the action in this court, Green has twenty (20) days from the date of this order to file his request to proceed pro se. Should Green fail to file his request within twenty days, the court will construe Green's silence as a waiver of any right he may have to pursue these claims. Finally, this order will have no bearing on the court's evaluation of Green's request if Green requests permission to proceed pro se.

2

Therefore, it is

**ORDERED** that Green has twenty (20) days from the date of this order to comply with the February Order and seek to proceed pro se in the instant action.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
November 30, 2005